## STRANSKY PRODUCTS CORPORATION v. E. H. TATE MOP & CORDAGE CO.

### No. 4267.

District Court, D. Massachusetts.
March 11, 1938.

Nathan Heard and Frederick A. Tennant, both of Boston, Mass., and Thomas Ewing and George L. Wheelock, both of New York City, for plaintiff.

Herbert A. Baker, of Boston, Mass., for defendant.

SWEENEY, District Judge.

This is a suit in equity in which the petitioner seeks damages for an alleged infringement of patent No. 1,581,886, and for unfair competition. The respondent's answer sets up the invalidity of the patent relied on, denies infringement, and denies unfair competition.

Statements of fact herein are intended as findings of fact, and statements of legal conclusions, as rulings of law, under the Equity Rules, rule 70½, 28 U.S.C.A. following section 723.

The alleged infringement relates only to a patent on a sales and display card. Both the petitioner and the respondent are manufacturers of picture hangers which consist generally of a piece of metal, the back of which rests against the wall, and the top of which is bent forward in the form of an inverted right angle triangle, with a diagonally disposed nail inserted through holes provided therein, and then into the wall. The bottom of the metal strip is bent forward and upward so as to engage the wire from which the picture is suspended.

This suit has nothing to do with the picture hangers themselves, but, for the purpose of determining the possible validity and infringement of the display cards, it is important to notice one difference between the picture hangers of the petitioner and those of the respondent. The petitioner's picture hanger at its top angle has no feature that is remarkable about it. After the inverted right angle triangle has been made, holes are provided through which a nail is inserted to enter the wall at an angle. The nail slips through the holes of the hanger very freely, and falls free from it when tipped even slightly. In the respondent's device, means are provided whereby the nail is held securely in the holes of the triangle so that it requires some force to draw

the nail from the hanger even when inverted. The means first provided by the respondent to secure this result was an inward bend in the sloping side of the triangle so that the side of the nail came in contact with the apex of the angle formed by the bend, and was thus held by friction in the hanger. Later the respondent did away with the angle in the sloping side, and in its place provided a teat on the inner surface of the sloping side of the triangle, so that the nail came in contact with the teat, providing the same result.

Claim 2 of the petitioner's patent, by agreement of the parties, is the only one in suit, and reads as follows: "A sales and display card comprising a body portion, and forwardly deflected ears integral therewith, said ears receiving a plurality of picture hooks and pierced by fastening nails therefor, the nails being frictionally held in assembled relation by the ears, and disposed in a plane parallel with that of the body portion of the card, portions of the picture hooks backing up the deflecting ears against the piercing operation."

The petitioner's assignor made application for his patent No. 1,581,886 on October 17, 1925, and the patent was granted on April 20, 1926.

In display cards, forwardly deflected ears were old at the time of the application for the petitioner's patent. A patent to Adams, No. 362,050, on May 3, 1887, shows a card for displaying hat pins where the base card and the card which formed the ears projected at right angles to the first card while originally separated were affixed to each other. A patent to Richardson, No. 549,613, dated November 12, 1895, shows a card providing ears (flaps) through which a collar button might be inserted and displayed. A patent to Moore, No. 888,026, dated May 19, 1908, shows a box containing forwardly projecting tabs for the purpose of holding push-pins. A patent to Mills, No. 1,521,465, dated December 30, 1924, shows the use of forwardly projecting tabs or ears for the purpose of holding push-pins in place.

In 1924, the Graff-Underwood Company secured an assignment from Percival G. Underwood of an application for a patent No. 713,574, filed on May 15, 1924, which covered a box containing pushed out tabs or ears through which the nails of picture hangers, very similar to both the petitioner's and respondent's, were pierced. In the

Graff-Underwood device, the nail is first inserted through the two holes in the hook, and then pierces the forwardly deflected ears of the tab in the same manner that the nail would pierce the wall when the device was finally used. The only step forward which the petitioner has taken over the Graff-Underwood device is to provide for piercing the tab between the two holes of the hanger. One would first insert the nail through the first hole, then through the forwardly deflected ear, cut down to a size that would fit within the triangle formed at the top of the hanger, and then through the second hole of the device. In the petitioner's device, so long as the nail pierces the tab, whether by friction or otherwise, it serves to hold the device on the deflected ear. The respondent does not need the friction produced between the tab and the nail to hold its nail and hanger together as they are held together by the friction between the nail and the hanger. The use of the deflected ears serves to lock the assembled device to the card. It can hardly be said that the additional step that the petitioner has taken over the Graff-Underwood device would constitute invention. The step taken was taken merely by the application of mechanical skill, and does not constitute invention. In the light of the prior art, I therefore find and rule that the patent, as issued to the petitioner, is invalid for want of invention.

■ Even if the alleged patent was valid, I am of the opinion that the respondent does not infringe it. If valid, it is entitled to no more than a narrow range of equivalents, considering the prior art. Its claim of piercing of the forwardly deflected ears, nails being frictionally held in assembled relation by the ears, must mean just what it says. The respondent in its first construction did not pierce the ear, but rather inserted the nail through a loop provided in it for the purpose of locking the device to the card by contact between the side of the nail and the angle provided in the sloping side of its triangle. In its later device, the respondent did away with the loop, and, by supplying an opening in the tab, provided for the contact between the nail and the apex of the angle, or later the teat provided in the sloping side of the triangle. This was not an infringement of the petitioner's device even if it could be held to be valid. From the comparison between the two devices set forth in the first paragraph of

these findings, it can be readily seen that such contact was necessary in the respondent's device in order to insure friction needed to hold the nail snugly within the picture hanger. I am therefore of the opinion that there is no merit to the petitioner's suit on the patent.

■ As to the question of unfair competition, the petitioner relies on the fact that the respondent has taken away a great deal of its business, and says that this results from the great similarity in the two articles. The respondent admits securing a great volume of business, but says that this naturally follows from the superior display card that it has, rather than from any similarity between the two.

The petitioner uses the name "Evergrip" to describe its article, whereas the respondent uses the name "Bull Dog" with a full facial picture of a bull dog prominently shown on its card. The petitioner's card is a yellow and black card, whereas the respondent's is red and white. In selling their articles, both the petitioner and the respondent prominently show on the face of their cards the weight that the device will safely sustain. As these devices are made in various sizes, no significance is attached to this similarity. On the reverse side of the cards are directions for using the article shown on the display card. While the wording of these directions is almost identical on both cards, I cannot find that the similarity would in any way affect the sales of the articles. The directions are the simple directions necessary and incidental to the use of both articles, and read as follows: "Place hangers flat against wall. Insert nail through both ears and drive with hammer."

There is no similarity between the two that would lead the public into buying the respondent's goods under the assumption that they were buying the petitioner's. See Goldsmith Silver Co. v. Savage, 1st Cir., 229 F. 623. The respondent uses numbers similar to the display numbers used by the petitioner, but as these numbers are purely for the convenience of store buyers, and are descriptive of the number and kind of goods contained on the card to be utilized for the purpose of reordering, I cannot say that such similarity would in any way affect the public, nor can I find that the petitioner has the exclusive right to the use of such obviously descriptive numbers. I cannot find an intent on the part of the respondent

to palm off its goods on the public as those of the petitioner, nor do I find anything that constitutes unfair competition. The bill is therefore dismissed.

The petitioner's requests for conclusions of law numbers 2, 3, 4, 5, 6, 7, and 8 are denied.